# Stehle, Appellant, *v.* Jaeger Automatic Machine Company.

*Negligence—Master and servant—Employment of minors under fourteen—Evidence—Act of May 2, 1905, P. L. 352—Constitutional law— Police power.*

It is within the power of the legislature to fix an age limit below which children shall not be employed in dangerous kinds of work, and an employer who violates the law by engaging a child under the statutory age does so at his own risk, and in an action of trespass for personal injuries sustained in such employment, the master cannot set up as a defense either the assumption of risk or the contributory negligence of the child servant.

The fact that the act of May 2, 1905 is penal in character, and that violations of its provision are punishable by fine or imprisonment, does not render such remedies exclusive, and does not supersede the right of action for damages in a civil proceeding.

The employment of a boy under fourteen years of age to do any kind of work in an establishment prohibited by sec. 2 of the Act of May 2, 1905, P. L. 352, and his employment to clean or oil machinery while in motion, prohibited by sec. 4, are both questions of fact to be submitted to the jury as evidence of negligence, and if the injury results by reason of the employment prohibited by law, there can and should be a recovery in the case; and this is so although the master may have given the boy proper instructions as to his work.

Argued March 25, 1908. Appeal, No. 54, Jan. T., 1908, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 4,964, on verdict for defendant in case of George Stehle, a minor, by his father and next friend, George Stehle, and the said George Stehle in his own right v. Jaeger Automatic Machine Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries to a boy under fourteen years of age. Before CARR, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* among others was (15) as follows :

The trial judge erred in refusing the plaintiffs' request, at

the close of the charge and before the jury retired, to further charge the jury upon the provisions of the Act of May 2, 1905, P. L. 352, inasmuch as the trial judge did not refer in his general charge to said act, and therein said charge was inadequate, and said request and said answer were as follows :

Counsel for plaintiffs requests the learned trial judge to charge the jury upon the provisions of the Act of May 2, 1905, P. L. 352, referring particularly to sections 2, 4, 5, 11 and 28.

The Court : That request is refused, because it was not presented at the proper time, under the rule of court.

*William F. Brennan*, for appellants.—The Act of May 2, 1905, P. L. 252, has not been passed upon by the appellate courts. A similar Act, that of June 2, 1891, P. L. 176, relating to employment of children in coal mines, was lately considered by this court : Lenahan v. Pittston Coal Mining Co., 218 Pa. 311.

Acts of assembly similar to this Act of May 2, 1905, P. L. 352, have been passed by other states, and have been applied by courts of those states to facts similar to those now under consideration : Narramore v. Cleveland, etc., Ry. Co., 96 Fed. Repr. 298 ; Brower v. Locke, 67 N. E. Repr. 1015 ; Perry v. Tozer, 97 N. W. Repr. 137 ; Marino v. Lehmaier, 66 N. E. Repr. 572 ; Gallenkamp v. Garvin Machine Co., 86 N. Y. Supp. 378 ; Sterling v. Union Carbide Co., 105 N. W. Repr. 755 ; American Car & Foundry Co. v. Armentraut, 214 Ill. 509 (73 N. E. Repr. 766) ; Woolf v. Nauman Co., 18 Am. Neg. Rep. 405.

As to the fifteenth specification, it is submitted that the plaintiffs' request to the trial judge to charge the jury upon the provisions referred to in the act of May 2, 1905, was presented at the proper time ; because the act was offered and admitted in evidence, and the trial judge failed to refer to the act in his general charge. Counsel for appellants, believing that the trial judge had overlooked the act and feeling that the charge was incomplete without reference to it, called his attention thereto at the end of his charge. Counsel has not found a rule of court bearing upon this point, as indicated by the trial judge. This court has said, however, that where

counsel desires the trial judge to charge the jury on matters which he has failed to mention, counsel should call his attention thereto before the jury leave the box. This was done in this case : Com. v. Zappe, 153 Pa. 498 ; Kehoe v. Traction Co., 187 Pa. 474.

*Francis Shunk Brown*, with him *Ira Jewell Williams* and *Alex. Simpson, Jr.*, for appellee.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908 :

The error which ran through the whole trial in the court below was failure to give effect to the Act of May 2, 1905, P. L. 352. The case was tried under the rules of law applicable to cases of negligence where master and servant, both being competent to enter into a contract of employment and each presumably capable of appreciating the dangers thereof, are charged with the duty of exercising due care, the master in providing reasonably safe appliances and machinery, and the servant of using ordinary care to avoid open and obvious dangers. These rules have no application to the facts of the present case. The boy appellant was born June 6, 1892 ; was first employed by appellee company in April, 1905 ; and was injured January 27, 1906, being at the time of the injury under fourteen years of age. Section 2 of the act of 1905, provides that no child under fourteen years of age shall be employed in any establishment to which the provisions of the statute apply, and section 4 requires that "no minor under sixteen years of age shall be permitted to clean or oil machinery while in motion or to operate, or otherwise have the care or custody of, any elevator or lift." It seems to be conceded that the place where the boy worked was an establishment within the meaning of the act, and hence the case must be considered in the light of the statute regulations and requirements. That the legislature, under its police power, has the authority to enact such legislation is not an open question in this state. In the recent case of Lenahan v. Pittston Coal Mining Company, 218 Pa. 311, we held that it was within the power of the legislature to fix an age limit below which children should not be employed in dangerous kinds of work, and that an employer who violated the law by en-

gaging a child under the stautory age did so at his own risk, and in an action of trespass for personal injuries sustained in such employment the master cannot set up as a defense either the assumption of risk or the contributory negligence of the child servant. This seems to be the rule adopted by the courts of other jurisdictions as well as our own: Sipes v. Michigan Starch Company, 100 N. W. Repr. 447. The suggestion made by the learned counsel for appellee that a violation of section 2, which prohibits the employment of children under fourteen years of age, can only be punished as a misdemeanor as provided in section 23, cannot be accepted as a sound rule of law. It is true the statute is penal, and violations of its provisions, upon conviction, are punishable by fine or imprisonment, but these remedies are not exclusive and do not supersede the right of action for damages in a civil proceeding: Narramore v. Railway Company, 96 Fed. Repr. 298; Railroad Company v. Lambright (Ohio), 29 W. Law Bulletin, 359. Whether the employment of a child in a haz-' ardous occupation, when such employment is prohibited by law, is negligence per se, or only evidence of negligence to be considered in connection with other facts tending to show negligence, the authorities are not entirely agreed, but for the purpose of the present case we hold that the employment of the boy under fourteen years of age to do any kind of work in the establishment, prohibited by section 2, and of his having been employed to clean or oil machinery while in motion, prohibited by section 4, were both questions of fact to be submitted to the jury as evidence of negligence, and if the injury resulted by reason of the employment prohibited by law there can and should be a recovery in the case. In the view thus taken of the act of 1905, it is not important to consider the assignments of error relating to the duty of an employer to properly instruct a young and inexperienced employee in the use of dangerous machinery. As to the prohibited employment the master is not relieved by giving instructions.

We do not consider it necessary to consider in detail the numerous assignments of error, because they nearly all relate wholly or in part to the force and effect to be given the act of 1905, and with this fundamental and controlling question now settled, no difficulty will be experienced in the proper

application of the rules of law applicable thereto when the case is again tried.

Judgment reversed and a venire facias de novo awarded.