## Sullivan *v.* Hanover Cordage Company, Appellant.

*Negligence—Minors—Oiling machinery in motion—Contributory negligence—Act of May 2, 1905, P. L. 352.*

Under the Act of May 2, 1905, P. L. 352, a boy under the statutory age, employed to clean or oil machinery while in motion, is not chargeable with contributory negligence, or with having assumed the risks of employment in such occupation; and this is the case whether the attempt to clean is made when the machine is in motion for the purpose of operation, or whether it is in motion for the purpose of cleaning, if in point of fact the motion is of the same dangerous character in both instances. It is for the jury to determine whether at the time of the injury, the machine was in dangerous motion.

Argued May 19, 1908.    Appeal, No. 89, Jan. T., 1908, by defendant, from judgment of C. P. York Co., Jan. T., 1907, No. 86, on verdict for plaintiff in case of Paul T. Sullivan, by his father and next friend Noah Sullivan, and Noah Sullivan *v.* Hanover Cordage Company.    Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries to a boy fifteen years of age.    Before BITTENGER, P. J.

At the trial it appeared that plaintiff, when a little over fif-

teen years of age, was employed by the defendant in its cordage works. On July 20, 1905, while engaged in cleaning a machine his hand became caught in the machine and was crushed. The evidence showed that the machine was not in regular operation at the time, but that it had been put in operation to facilitate the cleaning.

The court charged in part as follows :

[This act of assembly which I read to you, which is the law, the act of 1905, does not make it unlawful for parties operating this kind of work or machinery to employ a minor under sixteen years of age, but it does make it unlawful to permit him to clean or oil machinery while in motion, or to operate or otherwise have the care or custody of any elevator or lift. The other act of assembly, of 1901, makes it unlawful to employ such a minor under sixteen years of age without an affidavit being filed in the office provided for in the act of assembly, and goes further than this last act of assembly. We instruct the jury that this is an important point in the case. Did they know when they employed this boy he was under sixteen years of age ? Did they know when they put him in charge of this machine that he was under sixteen years of age, and did they know how he was instructed to clean this cylinder when the belt was on and the machine moving ? Were they aware of the fact that it was being done in this way, and did they order him or place him in control of that machine, or allow him to operate it knowing he was under sixteen years of age ? If they did, then, even if he was negligent in this matter and his negligence contributed to this injury, if he allowed Trone to turn on too much power when he should have turned on but little, or if he cleaned the machine when it was going too fast, why then the defendant company cannot take advantage of it ; they cannot take advantage of the concurrent negligence. The Supreme Court have decided the defendant cannot make a defense of this character when they have violated the law in the matters here at issue in the case.] [6]

Verdict and judgment for Paul T. Sullivan for $3,000 and for Noah Sullivan for $1,000. Defendant appealed.

*Error assigned* was portion of charge as above, quoting it.

*Henry C. Niles,* with him *C. J. Delone* and *George S. Schmidt,* for appellant, cited : McEwen v. Hoopes, 175 Pa. 237 ; Cracraft v. Bessemer Limestone Co., 210 Pa. 15.

*Chas. A. Hawkins,* with him *C. E. Ehrehart* and *J. S. Black,* for appellees, cited : Rummel v. Dilworth, 131 Pa. 509 ; Kehler v. Schwenk, 151 Pa. 505 ; Doyle v. Pittsburg Waste Co., 204 Pa. 618 ; Grizzle v. Frost, 3 Fost. & Finl. 622 ; Lenahan v. Coal Mining Co., 218 Pa. 311.

OPINION BY MR. JUSTICE ELKIN, June 2, 1908 :

In Lenahan v. Pittston Coal Mining Company, 218 Pa. 311, it was held, that a boy under the statutory age employed to perform the dangerous kind of work prohibited by the statute, is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation. In Stehle, by his next friend, v. Jaeger Automatic Machine Company, 220 Pa. 617, further consideration was given to the application of the rule under the Act of May 2, 1905, P. L. 352. In this case it became necessary to pass upon the requirements of section four of that act, which provides that no minor under sixteen years of age shall be permitted to clean or oil machinery while in motion. Following the rule of the Lenahan case, it was again held, that an employer who violated the law by engaging a boy under the statutory age to perform the dangerous kind of work prohibited by the statute, did so at his own risk, and in an action of trespass for personal injuries sustained by the boy while so employed, the master cannot set up as a defense either the assumption of risk or the contributory negligence of the boy servant. It is contended, however, in the present case, that the rule of these cases does not apply, because the machine, which the boy was attempting to clean at the time he was injured, was not in motion within the meaning of the statute. It is argued with much force that the prohibition of the statute is directed against an attempt to clean a dangerous machine while it is in motion in the usual method of operation. In a sense this may be true, but it is the kind of motion, not the purpose, the statute guards against. It does not matter whether the attempt to clean is made when the machine is in motion for the purpose of operation, or whether it is in mo-

tion for the purpose of cleaning, if, in point of fact, the motion is of the same dangerous character in both instances. What the statute intended to prohibit, was the employment of a boy of immature judgment, without experience and lacking in discretion to perform such dangerous work.   We agree that if the machine at the time of the cleaning was not in dangerous motion, such as was usual in its operation, and if the motion, or revolution, at the time of the cleaning, was not dangerous, but simply consisted in partial revolutions made from time to time in order to facilitate the cleaning, the prohibition of the statute would very properly be held inapplicable. . . .   On the other hand, if the machine was propelled in the usual manner, and by the same force, or power, while being cleaned as was usual when in operation, and if the motion, or revolutions, were of the same dangerous character, differing only in degree, the court would not be warranted in holding as a matter of law that the prohibition of the statute did not apply.   Under such circumstances it would at least be for the jury to determine whether at the time of the injury the machine was in dangerous motion.   All of these questions were submitted to the jury by the learned trial judge in such manner as to enable them to justly determine the rights of the parties to the controversy and, in our opinion, appellant has no just cause to complain.

Assignments of error overruled and judgment affirmed.