## THE WAVERLY COMPANY *v.* BECK.

[No. 22,508.   Filed November 26, 1913.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Violation of Factory Act.—Negligence Per Se.*—While an employer's violation of the provisions of §4 of the factory act (§8024 Burns 1908, Acts 1899 p. 231), prohibiting the employment of any young person to have the care, or management of, or to operate, any elevator, is negligence *per se*, such violation must be the proximate cause of the injuries sustained in order to constitute a cause of action for damages. p. 525.

2. MASTER AND SERVANT.—*Injuries to Servant.—Liability.—Unlawful Employment of Young Persons.—Contributory Negligence. —Factory Act.*—One employing a young person contrary to the provisions of the factory act (Acts 1899 p. 231, §8021 *et seq.* Burns 1908) is charged with actionable negligence in the event of an injury resulting from such violation, and contributory negligence cannot be employed as a defense. p. 525.

From Superior Court of Marion County (83,052); *Clarence E. Weir,* Judge.

Action by Frederick A. Beck, by his next friend, Katherine F. Beck, against The Waverly Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*John B. Elam, James W. Fesler,* and *Harvey J. Elam,* for appellant.

*Pickens, Moores, Davidson & Pickens,* for appellee.

ERWIN, J.—This was an action brought in the Marion Superior Court by appellee against appellant for damages sustained while riding on and operating an elevator, by allowing his foot to be caught between the platform of the elevator and the casement of the floor. The original complaint was in three paragraphs. Before the trial the plaintiff dismissed the first and third paragraphs of complaint and the cause was tried on the second, which paragraph the defendant answered by general denial. The cause was tried by a jury which returned verdict for the plaintiff in the sum of $1,200. Interrogatories were answered, and defendant moved the court for judgment on the interrogatories and answers thereto. The defendant filed a motion for a new trial and assigned reasons why a new trial should be granted, which in substance were: (1) the verdict was not sustained by sufficient evidence; (2) the verdict was contrary to law; (3) it was error of the court to refuse to give the jury seven instructions tendered by defendant, and in giving of its own motion fourteen instructions. The instructions tendered by the defendant related to contributory negligence. The question of law as to whether contributory negligence constitutes a defense in the case at bar is the main question for our decision. If, under the law, the appellee could be guilty of contributory negligence then the case must be reversed, otherwise affirmed.

The second paragraph of complaint alleges among other things that appellant wrongfully allowed appellee to operate said elevator in violation of §4 of an act of the General Assembly (Acts 1899 p. 231, §8024 Burns 1908) which prohibits the employment of certain persons, in certain places and reads as follows: "No person, company, corporation or association shall employ or permit any young person to have the care, custody, management of or to operate any elevator." Section 18 defines the term "young person" and reads as follows: "The words 'young person' means a person of the age of fourteen years and under the age of

eighteen years.'' §8038 Burns 1908, Acts 1899 p. 231. The appellant allowed, and permitted appellee to so operate said elevator until he was injured.

The only question for our consideration is Does contributory negligence constitute a defense in a personal injury case where a ''young person'' was permitted to do work in violation of the laws of Indiana, viz., the factory act? Acts 1899 p. 231, §8021 *et seq.* Burns 1908. A violation

1. of the above section constitutes negligence *per se,* but in order to constitute a cause of action for damages such violation must be the proximate cause of the injuries sustained.

It is shown by answers to interrogatories that appellee was less than sixteen years old and that appellant permitted him to run the elevator, on which the injuries

2. were sustained, for two weeks prior to the date of injury, contrary to the aforementioned act of the General Assembly. The act of the General Assembly known as the factory act was enacted for the purpose of protecting the lives and health of children of the State, that they may grow up to be strong healthy men and women and may be a benefit to the State rather than a burden, which they might be should they be placed in peril of their lives or health and become maimed or crippled. Where one employs such ''young person'' the laws of the State are violated and any injury sustained through the violation of these laws is actionable negligence and contributory negligence cannot be employed as a defense.

In the case of *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 437, 87 N. E. 229, 139 Am. St. 389, the court says: ''The doctrine of contributory negligence cannot be employed to defeat the claim of a child injured in a service prohibited by statute.'' The case last cited so completely covers the law of this case, that it is useless for us to set out the numerous authorities therein noted. The instructions given by the court and objected to by the appellant

contain the law applicable to this case, and it was not error to give them. The instructions tendered by appellant, which the refusal to give is assigned as error in the motion for a new trial, all relate to contributory negligence and were properly refused.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 332. See, also, (1) 26 Cyc. 1090; (2) 26 Cyc. 1080, 1230. As to the employment of a minor in violation of a statute as negligence on the part of the employer, see 8 Ann. Cas. 644; 14 Ann. Cas. 123; Ann. Cas. 1912 B 803.