## CAPITAL RATTAN COMPANY *v*. FANCHER.

[No. 9,261. Filed June 19, 1917.]

1. MASTER AND SERVANT.—*Injuries to Servant.—"Young Person" Operating Elevator. — Complaint. — Sufficiency.* — Under §§8024, 8038 Burns 1914, Acts 1899 p. 231, providing that no young person shall be employed or permitted to operate an elevator, and defining the words "young person" as meaning one between the ages of fourteen and eighteen years, a complaint against an employer for injuries to such a young person need not allege that defendant employed him to operate the elevator, but it is sufficient where it alleges that defendant permitted him to operate the elevator. p. 687.

2. MASTER AND SERVANT.—*Injuries to Servant.—Permitting "Young Person" to Operate Elevator.—Question for Jury.*— On a "young person's" action against his employer for injuries received while operating an elevator, evidence showing that plaintiff operated the elevator many times with the employer's permission, and that the servant was engaged in work requiring its use, considered in connection with the fact that it did not appear that any one was regularly employed to operate the elevator, is sufficient to support the jury's finding that plaintiff used the elevator with defendant's permission. p. 688.

3. MASTER AND SERVANT.—*Injuries to Servant.—Violation of Statute.—Contributory Negligence.*—Where one employs a "young person," as defined by §8038 Burns 1914, Acts 1899, p. 231, the laws of the state are violated, and any injury sus-

tained through such violation is actionable negligence and contributory negligence cannot be interposed as a defense. (*Nickey* v. *Steuder* [1904], 164 Ind. 189, and *Brower* v. *Locke* [1903], 31 Ind. App. 353, distinguished.)    p. 688.

4.   WITNESSES.—*Competency.—Attending Physician.—Privileged Communications.*—A physician will not be permitted to testify as to his patient's condition while attending him.   p. 690.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Carl Fancher, by his next friend, William Fancher, against the Capital Rattan Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James Bingham, Remster A. Bingham* and *Roy Adney,* for appellant.

*Doan & Mathews* and *Artman & Smith,* for appellee.

IBACH, P. J.—This was an action by appellee by his next friend for damages for injuries received on an elevator operated in appellant's factory. The gravamen of the case as averred is the following: "That on said day and prior thereto he was and had been employed by the defendant to work in said factory in said building, and that he was at such times employed by the defendant to do such work in said factory and building as he might be instructed by the defendant to do. While in said employment on said day he was performing work in said factory and building under said employment for defendant and under the directions of the defendant's foreman to whose orders plaintiff was at said time required to conform and to whose orders he did conform at said time in the discharge of the duties of his employment with defendant in said factory. While he was so employed by defendant and while working for defendant in said factory in discharge of the duties of his employment the defendant in violation of law, *permitted* plaintiff to have the care, custody and management of the elevator in said factory

and *permitted* him to operate said elevator. On the 26th day of May, 1913, with knowledge on their part that plaintiff was a young person, defendant, in violation of law *permitted* plaintiff to have the care, custody and management of the elevator in its said factory, and defendant on said date in violation of law *permitted* plaintiff to operate said elevator for the purpose of carrying material from the second to the third floor of defendant's factory. On the 26th day of May, 1913, while plaintiff had the care, custody and management of said elevator with the permission of defendant and while he was operating the same with the permission of defendant he was caught," etc.

There was a verdict for appellee, and over a motion for a new trial, a judgment for him for $800. Errors assigned call in question the sufficiency of the third paragraph of complaint, on which the case was tried, and the action of the court in overruling the motion for a new trial.

Appellee's right to recover is based on §§8024, 8038 Burns 1914, Acts 1899 p. 231. The first provides:

1. "No person, company, corporation or association shall employ or permit any young person to have the care, custody, management of or to operate any elevator." The second provides: * * * "The words 'young person' means a person of the age of fourteen years and under the age of eighteen years."

Under the first section it is not necessary to allege that the injured 'young person' was *employed* to operate the elevator as is contended for by appellant. It will be observed that the complaint avers that the elevator was operated with the permission of appellant. These averments are conclusive as to permission being given and we think clearly fall within the provisions of the sections of the statute, *supra.*

It is next contended that the verdict is not sustained

by sufficient evidence.   It sufficiently appears from the
evidence of at least two witnesses that appel-
lee did operate the elevator upon which he was
finally injured many times for at least a month
before his injury with the permission of appellant.
There is also some positive testimony, and some from
which the jury might rightfully infer, that appellee
had been working for about three months in various
departments of appellant's factory and at different
kinds of work, among which was that of "handling and
trucking," "helping unload trucks," "handling stock."
These terms are not ambiguous and undoubtedly show
that he was engaged in some service connected with the
use of the trucks.   The testimony is uncontradicted
that the trucks were used exclusively to convey the
unfinished and finished furniture to different floors of
the factory by means of the elevator.   It is also a sig-
nificant fact that the only evidence disclosed by the
record as to the person who operated the elevator in
transferring the trucks loaded with stock and furniture ·
from one floor to another is that which connects ap-
pellee and other young men and boys with that service,
and the name of the person regularly employed, if any,
to operate the elevator appears nowhere in the evi-
dence, so that we do not have a case in which there
was no evidence to support a material fact, as contended
by appellant, but one in which the sufficiency of the
evidence to support such essential fact becomes one
solely for the determination of the jury.   There is some
evidence supporting the material averments of the com-
plaint.

Objection is also made to the giving of instructions
Nos. 2 and 4 in which the jury was instructed that con-
tributory negligence is not a defense to any one
permitting a "young person" over the age of
fourteen years and under the age of eighteen

years to operate an elevator. The legal proposition involved in these instructions has been considered recently by the Supreme Court of this State. *Waverly. Co.* v. *Beck* (1913), 180 Ind. 523, 103 N. E. 332; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 87 N. E. 229, 139 Am. St. 389. In the first mentioned case this language is used:. "Where one employs such 'young person' the laws of the State are violated and any injury sustained through the violation of these laws is actionable negligence and contributory negligence cannot be employed as a defense." Counsel for appellant to support its contention that the instructions should have been given rely chiefly on the cases of *Nickey* v. *Steuder* (1904), 164 Ind. 189, 73 N. E. 117, and *Brower* v. *Locke* (1903), 31 Ind. App. 353, 67 N. E. 1015, but an examination of these cases will show that they are distinguishable from the facts of this case, and therefore are not important as bearing upon the legal proposition now under consideration. If, however, it were conceded that the same question was involved in the cases cited by appellant, we should be required to hold that they were overruled by the cases of *Waverly Co.* v. *Beck* and *Inland Steel Co.* v. *Yedinak, supra.* Following these decisions there certainly can be no doubt as to the law of this State upon this subject, and that is, that contributory negligence is not a defense where a person allows a "young person" over the age of fourteen and under the age of eighteen years to operate an elevator, as such permission violates §8024, *supra.* Bearing on this proposition, see also, *Stehle* v. *Jaeger, etc., Machine Co.* (1908), 220 Pa. 617, 67 Atl. 1116, 14 Ann. Cas. 122; *Sullivan* v. *Hanover Cordage Co.* (1908), 222 Pa. 40, 70 Atl. 909; *Bromberg* v. *Evans Laundry Co.* (1907), 134 Ia. 38, 111 N. W. 417, 13 Ann. Cas. 33.

Appellant makes no argument in its brief and cites

no authority in support of the point stated in his motion for a new trial concerning the testimony of a witness who testified as to the manner in which the injured party's clothes fit him on the occasion of his injury. We have, however, examined this testimony and conclude that it does not fall within the rule of comparative testimony and was therefore properly admitted.

As to the point that the attending physician should have been permitted to answer certain questions propounded to him by appellant, it is sufficient to state that the courts of appeal of this State have repeatedly announced that to permit a physician the right to disclose his patient's condition while attending him would in effect completely abrogate the statute bearing upon the exclusion of an attending physician's testimony. The action of the trial court in this respect was correct.

There being no reversible error in the record, the judgment is affirmed.

NOTE.—Reported in 116 N. E. 593. Master and servant: injury to employe under statutory age, defense of contributory negligence to defeat recovery, 12 L. R. A. (N. S.) 461, 20 L. R. A. (N. S.) 876, 48 L. R. A. (N. S.) 667.