## McEvoy v. Gochnauer.

*Motor-vehicle law—Passing standing car at intersecting road—Violation of act of assembly—Contributory negligence—Act of June 30, 1919.*

1. Section 25 of the Act of June 30, 1919, P. L. 678, 694, making it unlawful for a motor-vehicle overtaking another to pass it at intersecting roads does not apply where the vehicle passed is standing still.

2. Where a defendant, in driving his automobile past another car standing at an intersecting road, collides with and injures the plaintiff who was riding a bicycle in the opposite direction, he, having violated no act of assembly, may avail himself of the defence that the injured party was guilty of contributory negligence.

Rule for a new trial. C. P. Lancaster Co., Feb. T., 1922, No. 60.

*J. Andrew Frantz,* for plaintiff.

*Guy K. Bard* and *Bernard J. Myers,* for defendant.

HASSLER, J., April 14, 1923.—The accident which caused the injury for which the plaintiff seeks to recover damages in this case occurred on the Harrisburg Pike, about one mile west of this city. The defendant was coming toward Lancaster in an automobile, driving on his right side of the road, and for a mile was following another automobile driven by Rohrer Getz. When Getz was at or within a few feet east of where the Dillerville Road intersects the Harrisburg Pike, he stopped on his right side of the road to permit a lady who was walking towards Lancaster to get into his car. The defendant, when he saw Getz had stopped, started to pass him on his left, and when he had nearly passed him, he collided with the plaintiff, who was on a bicycle on his, the plaintiff's, right side of the road and on the defendant's left side of it, causing the injuries complained of.

Among the reasons filed for a new trial are several which complain that we erred in instructing the jury that the defendant's attempt to pass the automobile of Rohrer Getz at the intersection of the Harrisburg Pike and the Dillerville Road was in violation of an act of assembly, and that if they found the accident was caused thereby, the contributory negligence of the plaintiff was no defence. We are satisfied that these instructions were correct in telling the jury that the Dillerville Road was such an intersecting road as is contemplated in the act of assembly, and it is well settled that where one fails to comply with the requirements of, or violates, an act of assembly, thus causing an injury to another, he cannot avail himself of the defence that the injured party was guilty of contributory negligence: Narramore *v.* Cleveland R. R. Co., 96 Fed. Repr. 298; Stehle *v.* Jaeger Automatic Machine Co., 220 Pa. 617; Sullivan *v.* Cordage Co., 222 Pa. 40; Lenahan *v.* Pittston Coal Co., 218 Pa. 311; Clark *v.* Reardon, 37 Lanc. Law Rev. 503.

But it is contended that this instruction was erroneous, for the reason that the act of assembly does not forbid an operator of a motor-vehicle to pass another vehicle standing at an intersecting highway.

We are satisfied that this contention is correct. Section 25 of the Act of June 30, 1919, P. L. 678 (694), is as follows: "The operator of any motor-vehicle overtaking another vehicle shall pass such vehicle on the left, but shall not attempt to pass any such vehicle at intersecting highways or at a sharp turn," &c. The word "overtaking," as used in the statute, means to come up to a moving vehicle, and not to approach one standing in the road. If it referred to one standing in the highway, the operator of a motor-vehicle traveling on the highway could not pass it so long as it remained standing at the intersection of another highway without violating the act of assembly. We are satisfied that this was not the intention of the legislature, that it is not the correct meaning of the language of the act, and, consequently, that our

instructions to the jury which are complained of were erroneous. We must, therefore, make absolute the rule for a new trial.

From George Ross Eshleman, Lancaster, Pa.