# Abraham McCray v. The Sterling Varnish Co., Appellant.

*Master and servant—Risk of employment—Employer's liability.*

The duty is on the employer to furnish his employees reasonably safe appliances with which to do the work assigned to them. It is also his duty to know what appliances are suitable and in common and ordinary use for the purpose. The employee has a right to assume that his employer will intelligently and faithfully discharge these duties.

If the work in which he engages is new to him, he should be instructed in it, and if he is not acquainted with the latent dangers incident to it, they should be explained to him, that he may, so far as consistent with a proper performance of the work, avoid them. In such a case he is not presumed to know whether his employer has furnished appliances which are reasonably safe and in ordinary use, and he is not chargeable with an assumption of the risks involved in the failure to provide such appliances. Bannon v. Lutz, 158 Pa. 166, followed.

Argued April 12, 1898.   Appeal, No. 94, April T., 1898, by defendant, from judgment of C. P., No. 3, Allegheny County, May T., 1895, No. 413, on verdict for plaintiff. Before RICE, P. J., BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.  Affirmed.

Trespass for personal injuries.   Before PORTER, J.

It appears from the evidence that plaintiff brought an action to recover compensation for damages alleged to have been suffered by him through the negligence of defendant company, in that his minor son, while in the employ of the company, was, through the negligence of the company, rendered sick, so that the father was deprived of his wages.

Evidence was submitted tending to show that at the time plaintiff's son commenced his work he was warned by other parties not to work for the defendant, as " working around the varnish works would kill, it was injurious to health," which warning was communicated to the president of the company, but he was told by the president that it would not hurt him, but not to go in a still unless there was somebody around.   He was subsequently instructed to proceed with his work which exposed him to the fumes of certain benzine gas in the still from which was developed certain spots of black gangrene on his back and they did not heal until three months after he was out of bed; had sweats that stained the bed clothes yel-

low; was three months in bed and kept in the house two months more, and that prior to going to work for the defendant he had never been sick. Medical testimony as to the result of the exposure was conflicting.

Verdict and judgment for plaintiff for $359. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*E. Y. Breck* of *Breck & Vaill*, for appellant.—When a workman seeks employment from another he assumes the risks of his employment, which risks vary according to the work required of him: Reese v. Clark, 146 Pa. 465; N. Y. L. E. & W. Ry. Co. v. Lyons, 119 Pa. 324; Ry. Co. v. Sentmeyer, 92 Pa. 276.

The risk is assumed by the employee where the work is extra hazardous, provided the danger is as patent to him as to his employer; and if he has the opportunity to learn its dangers he assumes the risk incident to his employment, even though he undertakes the hazardous duties because urged to do so by his employer: Diehl v. Lehigh Iron Co., 140 Pa. 487.

McCray was as able to judge of the effects of benzine fumes as Todd, if we assume as true his statement of what he had seen of its effect on others, and of what he had been told. For this reason the case of Beittenmiller v. Brewing Co., 22 W. N. C. 33, is exactly similar.

From what McCray had seen in the works and been told by others, he was under no obligation to continue working, and should have refused to work where benzine fumes could be inhaled by him: Reese v. Clark, 146 Pa. 465; Stapleton v. Traction Co., 5 Pa. Superior Ct. 253.

The proposition of law that in case of an accident to an employee in the pursuit of his employment, the burden rests upon the employee of establishing that the employer's negligence contributed materially to the accident in order to render the latter liable, cannot be disputed: Melchert v. Brewing Co., 140 Pa. 448; Nav. Co. v. Hayes, 128 Pa. 294; Kaufhold v. Arnold, 163 Pa. 275.

The direct cause of the action must be shown: Reese v. Clark, 146 Pa. 465.

Defendant is not bound to know every possible effect the gas might have on an individual who inhaled it: Ford v. Anderson, 139 Pa. 261; Ash v. Verlenden, 154 Pa. 246.

*Marron & McGirr*, for appellee.—This case comes squarely within the principle of Wagner v. Chemical Co., 147 Pa. 475.

OPINION BY ORLADY, J., July 29, 1898:

This case was presented to the jury in so satisfactory a way that no exception was taken to the charge of the court, and the only error alleged is in the refusal of the point submitted by the defendant, that under all the evidence the verdict must be for the defendant.

The argument submitted in support of this specification is twofold, (1) that there was no evidence of any negligence on the part of the defendant and, (2) that the plaintiff was guilty of contributory negligence.

The testimony shows that the employment was of a dangerous character as the gases and fumes generated in the manufacture of varnish, in many instances cause temporary illness, and unless the employee uses special care in his labor the sickness may result in permanent injury to the system. The risk of such labor requires not only skill in doing the work, but special care in the use of material and exposure of the person. From the erection of the plant in May, 1893, to September of the following year, the son of the plaintiff was employed by the defendant in various capacities, and in each of which he had opportunities for observing the work done, the manner of doing it, and the effect on the health of the employees.

The direct cause of the illness is not free from doubt even to the professional mind, but the weight of the evidence as shown by the verdict fixes it upon certain risks induced by the special exposure of the employee, which was directed by the president of the company while the employee was engaged in making repairs to some of the machinery in use in the manufactory.

The evidence was not so clear and one-sided as to warrant the court in determining the fact as contended for by the defendant, but it was properly submitted to the jury.

The rule which governs this case is laid down in Wagner v. Jayne Chemical Co., 147 Pa. 475.

The duty is on the employer to furnish his employees reasonably safe appliances with which to do the work assigned to them. It is also his duty to know what appliances are suitable and in common and ordinary use for the purpose. The employee has a right to assume that his employer will intelligently and faithfully discharge these duties.

If the work in which he engages is new to him, he should be instructed in it, and if he is not acquainted with the latent dangers incident to it they should be explained to him, that he may, so far as consistent with a proper performance of the work, avoid them. In such a case he is not presumed to know whether his employer has furnished appliances which are reasonably safe and in ordinary use, and he is not chargeable with an assumption of the risks involved in the failure to provide such appliances: Bannon v. Lutz, 158 Pa. 166.

The learned court below submitted the evidence to the jury under proper instructions as to the employer's duty: If a man engages in a business and employs others, he undertakes to have the knowledge necessary to enable him to carry on the business properly, and he is presumed, for that reason, to know the latent dangers. He, being a young man, not having any chemical education, and, under the evidence, not having such peculiar knowledge as would visit upon him responsibility for his act in undertaking to do this kind of work, it would be the duty of his employers to warn him of any danger. If the son knew of the danger and went on and worked, if he knew that the fumes endangered his general health, that they were likely to poison, and he went on and worked, he took the chances. But, if he simply knew that they were unpleasant, that they were nauseating, and spoke to the superintendent, Mr. Todd, and was told by the superintendent that there was no danger, to go on; and relying upon that, went on, then he would not be guilty of contributory negligence; and being an uneducated man, if he made this inquiry in good faith, and relied upon the answer that he received from Mr. Todd, he would not, upon the ground that he had taken the risks of the employment, be debarred from recovering if he suffered an injury in consequence.

We find no error in this presentation of the law, and the judgment is affirmed.