Simon Link, Administrator of Annie R. Link, Widow of Ammon Link, Deceased, and Warren W. Link, a Minor Child of said Ammon Link, Deceased, by his next friend, Lott W. Reiff et al., Appellants, v. Archibald A. McLeod, Samuel R. Shipley, Anthony J. Antelo, James Boyd, Thomas P. Dolan, Elisha P. Wilbur, Joseph S. Sinnott and the Philadelphia and Reading Railroad Company.

*Statute of limitations—Directors of corporation—Illegal resolution.*

Where the directors of a corporation are charged with passing an illegal resolution authorizing the payment of the money of the company to the president, the statute of limitations begins to run in favor of the directors from the date of the resolution, and not from the time when the money was paid. The fact that the aggrieved creditor had no knowledge of the transaction, in the absence of fraudulent concealment by the directors, does not toll the statute.

Argued Jan. 18, 1900. Appeals, Nos. 328 and 346, Jan. T., 1899, by plaintiffs, from decree of C. P. No. 1, Phila. Co., Dec. T., 1898, No. 671, on bill in equity. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity by a creditor of a corporation against the directors to account for moneys of company alleged to have been wrongly paid through the action of the directors.

BIDDLE, P. J., filed the following opinion:

This is a bill filed by judgment creditors of the Philadelphia & Reading Railroad Company against it and its former managers to recover from them the amount of the plaintiffs' judgment by reason of these former managers being indebted to the railroad company in the sum of $268,341.63, unlawfully paid to the defendant McLeod, on February 16, 1893. How this liability of the former managers arose is set forth in detail in the bill. All of the defendants except A. A. McLeod, who is not within the state, have demurred to it. There are three sets of demurrers, not precisely identical, but with one exception the princi-

pal question raised by them is that of the statute of limitation. If that point is well taken it, of course, disposes of the case, no matter whether the other points are well taken or not. It is obvious, therefore, that until that question is disposed of it is superfluous to consider the others. The indebtedness is alleged to have arisen under the following circumstances: A. A. McLeod was president of the railroad company, and Messrs. Shipley, Antelo, Boyd, Dolan and Wilbur were, in 1892, managers of the said railroad company, and said defendant and Sinnott were managers on February 16, 1893, on which day $268,341.63 was, by direction of the said defendants, as managers of the said railroad company, unlawfully paid to Mr. McLeod in compliance with an unlawful resolution of the board of managers, passed December 24, 1892, to reimburse him for losses sustained by him in Boston & Maine and New York & New England Railroad Company stock transactions, which McLeod at first conducted on his own account, and on December 24, 1892, fraudulently induced defendants, as managers, to assume for the railroad company, " which action was known by the said defendants to be wholly unlawful as well as financially indefensible."

The date from which the statute begins to run is the date upon which the cause of action arose. The bill in this case was filed upon January 18, 1899. The resolution of the board of managers, approving the purchase of stock, was adopted December 24, 1892. The actual payment of the money thereunder was made upon February 16, 1893. The defendants contend that the alleged cause of action against the managers was their action in adopting the said resolution, and its date is, therefore, to be regarded as conclusive of the question. The plaintiffs contend that the cause of action arose on the actual payment of the money thereunder, being February 16, 1893; or even if December 24, 1892 is the proper date, that the ignorance of the plaintiffs " of the facts " prevented the running of the statute. The adoption, by the managers, of the resolution of December 24, 1892, is all that it is alleged that they themselves personally did. Everything else that was done was done in compliance with that order, and was a necessary consequence of it. In the case of the Lehigh Coal & Navigation Co. v. Blakeslee, 189 Pa. 13, it was held that when a person, in good faith, guarantees a

signature, which is, in fact, a forgery, the implied promise of the guarantor is broken; when it is made, the right of action accrues immediately and the statute runs from the date of the guarantee. So, also, in Owen v. The Western Saving Fund, 97 Pa. 47. In an action upon the case against a recorder of deeds for damage suffered by reason of a false certificate of search, in absence of fraud, the statute begins to run from the time the search was given and not from the development of the damage. In Binney's Appeal, 116 Pa. 169, the statute was held to run from the erroneous entry of satisfaction on the record of a mortgage, though the plaintiff's loss did not arise until more than six years afterward. Under our act of March 28, 1867, P. L. 48, entitled "An act declaratory of the statute of imitation," it refers to the case of a bill in equity against a director charged with neglect of duty, and especially provides that the statute runs from the commission of the act of negligence by the director. We think, therefore, in this case the statute clearly began to run from December 24, 1892. Has there anything been shown to stop it running? Does the ignorance of the plaintiff "of the facts" have that effect? It is universally held that mere ignorance of his rights, on the part of the plaintiff, without any fraud by the defendant, will not toll the statute: 13 Am. & Eng. Ency. of Law, 720. In Owen v. The Western Saving Fund, and Binney v. Brown, supra, the plaintiff had no knowledge of the facts originating the cause of action, until after the statutory period had elapsed. When there is no fraudulent concealment there is no bar. In this case it is not averred. The parties plaintiff who were added to the bill on February 18, 1899, are in no better position than the original plaintiffs, and it does not prevent the running of the statute. It appears, therefore, that their claims were already barred by the statute of limitation, whether it ran from December 24, 1892, or February 16, 1893; and the amendment should not have been allowed. It appears, therefore, by the said bill that the cause of action alleged therein is barred by the statute of limitations, the running of which is not prevented by the matter set up in the amendment of the bill, that cause of demurrer is sustained, and the bill is dismissed with costs.

*Error assigned* was dismissing the bill.

*James W. M. Newlin,* for appellants.—The statute of limitations did not begin to run before February 16, 1893: Owen v. Western Saving Fund, 97 Pa. 47; Howell v. Young, 5 B. & C. 259.

The statute of limitations only began to run from the time when the plaintiffs discovered the payment to McLeod in 1898: Lewey v. Fricke Coke Co., 166 Pa. 536; Bailey v. Glover, 21 Wallace, 342.

*Thomas Hart, Jr.,* and *Samuel Dickson,* for Simon Link et al., appellees.—The objection of the statute of limitations may be taken advantage of by demurrer when it appears on the face of the bill: Hay's App., 113 Pa. 380.

The defendants contend that the alleged cause of action against the directors was their action in adopting the resolution. Its date is therefore the date to be regarded, and, as the case is not one of concealed fraud, the mere ignorance of the plaintiff of the existence of the resolution and of the facts concerning the stock purchases, is immaterial: Hamilton v. Hamilton, 18 Pa. 20; Todd's App., 24 Pa. 429; Ashhurst's App., 60 Pa. 290; Neely's App., 85 Pa. 387; Penna. R. R. Co.'s App., 125 Pa. 189; Phila. Trust Co. v. P. & R. Coal & Iron Co., 139 Pa. 534.

In case of torts arising quasi ex contractu, the statute generally begins to run at the date of the tort, and not when the damages ensue: Rankin v. Woodworth, 3 P. & W. 48; Lehigh Coal & Nav. Co. v. Blakeslee, 189 Pa. 13; Owen v. Western Saving Fund, 97 Pa. 47; Moore v. Juvenal, 92 Pa. 484; Binney's App., 116 Pa. 169; Short v. McCarthy, 3 B. & Ald. 626; Howell v. Young, 5 B. & C. 259; Hollinshead's App., 103 Pa. 158; Davis v. Hawkins, 163 Pa. 228; Scranton Gas & Water Co. v. Iron & Coal Co., 167 Pa. 136; Morrell v. Trotter, 12 W. N. C. 143.

*Alex. Simpson, Jr.,* with him *Ira J. Williams* and *Francis Shunk Brown,* for Joseph F. Sinnott, appellee.

PER CURIAM, February 5, 1900:

We are clearly of opinion that the cause of action arose upon the passage of the resolution of December 24, 1892, and we affirm the judgment on the opinion of the learned court below.

Judgment affirmed.