# Fegley *v.* Lycoming Rubber Company, Appellant.

*Negligence—Master and servant—Unguarded machinery—Proximate cause—Risk of employment.*

1. In an action by an employee against his employer to recover damages for personal injuries alleged to have been caused by the failure of the defendant to cover the cogwheels of a machine as required by the statute, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where the evidence shows that at the time of the accident the plaintiff was standing upon a small platform at the side of the machine attending to his duties, when another workman accidentally pushed a loaded wheelbarrow against the platform with such force as to cause plaintiff to lose his balance and fall on the exposed wheels.

2. To hold that a prior slip or an accidental movement which brings a workman into contact with uncovered cogwheels, is to be considered as the proximate cause of the resulting injury, would be to practically nullify the provisions of the law made to protect him against such risks.

3. An employer cannot invoke the defense of assumption of risk by the employee, in the face of a statute requiring safeguards to be supplied for dangerous machinery.

Argued Feb. 13, 1911. Appeal, No. 304, Jan. T., 1910, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1909, No. 269, on verdict for plaintiff in case of Samuel Fegley v. Lycoming Rubber Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HART, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Edgar Munson,* of *Candor & Munson,* for appellant.— The unguarded condition of the cogwheel was not the

proximate cause of the accident: Herr v. Lebanon, 149 Pa. 222; Nichols v. Pittsfield Twp., 209 Pa. 240; Willis v. Armstrong County, 183 Pa. 184; Heister v. Fawn Twp., 189 Pa. 253; P. H. & F. M. Roots Co. v. Meeker, 165 Ind. 132 (73 N. E. Repr. 253; 17 Am. Neg. Repr. 484); Crawford & McCrimmon Co. v. Gose, 43 Ind. App. 373 (87 N. E. Repr. 709); Brown v. Steel & Wire Co., 43 Ind. App. 560 (88 N. E. Repr. 80); Fulwider v. Trenton Gas Light & Power Co., 216 Mo. 582 (116 S. W. Repr. 508); Elliott v. Allegheny County L. Co., 204 Pa. 568.

Plaintiff assumed the risk: Stehle v. Jaeger Automatic Machine Co., 220 Pa. 617; Jones v. American Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514.

*N. M. Edwards*, with him *W. H. Spencer*, for appellee, cited as to the assumption of the risk: Jones v. Caramel Co., 225 Pa. 644; Valjago v. Steel Co., 226 Pa. 514; Narramore v. Ry. Co., 96 Fed. Repr. 298; Marino v. Lehmaier, 173 N. Y. 530 (66 N. E. Repr. 572); Stewart v. Ferguson, 164 N. Y. 553 (58 N. E. Repr. 662); Am. Car & Foundry Co. v. Armentraut, 214 Ill. 509 (73 N. E. Repr. 766); Newlin Twp. v. Davis, 77 Pa. 317; Hey v. Philadelphia, 81 Pa. 44; Yoders v. Amwell Twp., 172 Pa. 447; Boone v. East Norwegian Twp., 192 Pa. 206; Burrell Township v. Uncapher, 117 Pa. 353; Plymouth Township v. Graver, 125 Pa. 24; Closser v. Washington Twp., 11 Pa. Superior Ct. 112; Curry v. Luzerne Borough, 24 Pa. Superior Ct. 514; Bitting v. Maxatawny Twp., 180 Pa. 357; Heister v. Fawn Twp., 189 Pa. 253; Nichols v. Pittsfield Twp., 209 Pa. 240; Menner v. Canal Co., 7 Pa. Superior Ct. 135; Confer v. R. R. Co., 146 Pa. 31; Ewing v. North Versailles Twp., 146 Pa. 309.

OPINION BY MR. JUSTICE POTTER, April 24, 1911:

That the defendant in this case was negligent in failing to cover certain cogwheels, as required by the statute; that this negligence caused the injury to plaintiff, and that the latter was free from contributory negligence, are

matters of fact which have all been established by the verdict of the jury. Counsel for appellant make no complaint of the manner in which the case was submitted to the jury, but they contend that the act of defendant in maintaining the open cogwheels, was not the proximate cause of the injury to the plaintiff. It seems that at the time of the accident, the plaintiff was standing upon a small platform at the side of the machine attending to his duties, when another workman accidentally pushed a loaded wheelbarrow against the platform with such force as to cause plaintiff to lose his balance. In the effort to recover, one hand was thrown out, and went into the uncovered cogs, and was crushed. Counsel seek to approximate the facts of this case, and the principle as to liability involved, to those in Elliott v. Light Co., 204 Pa. 568. But their argument is not convincing. In that case it was held that the slipping of a ladder was the originating cause of the plaintiff's fall, and that the fact that he fell against an electric light wire was a mere incident to that fall. It was shown that the light wire was fastened high upon the side of the house, and was so situated that no injurious consequences were reasonably to have been anticipated from anyone falling against it. And as a person is not expected to anticipate and guard against that which no reasonable man would expect to occur, it might for that reason, equally with that which was emphasized in the opinion, have been held in that case that there was no liability upon the part of the defendant. But it is equally true that a person is properly expected to anticipate and guard against the reasonable consequences of his action. In the present case the open cogwheels were so situated that an accidental slip might bring a workman or an attendant of the machine into dangerous contact with them. The common experience of mankind has shown the danger to be apprehended from unguarded machinery, and especially that from uncovered, revolving cogwheels, and has made clear the duty of protecting from that danger, those whose duties bring them in proximity to such machinery.

The statute has merely crystallized the demands of ordinary prudence, in requiring that cogs, gearing and other machinery shall be covered. An injury from machinery, open and uncovered, is not liable to occur, without the concurrence of some accident or unexpected event, such as a slip or a miscalculated move. And it is for the very reason that such things may in numberless unexpected ways, plunge a workman into danger, without fault of his own, that prudence requires proper safeguards to be supplied to prevent accidental contact with moving machinery. To hold that a prior slip or an accidental movement which brings an unfortunate workman into contact with uncovered cogwheels, is to be considered as the proximate cause of the resulting injury, would be to practically nullify the provisions of the law made to protect him against such risks. Nor is there any merit in the further suggestion of counsel, that the risk of injury from the uncovered cogs, was assumed by the plaintiff. We have pointed out in Jones v. Caramel Co., 225 Pa. 644, and in Valjago v. Steel Co., 226 Pa. 514, that in Pennsylvania an employer cannot invoke the defense of assumption of risk by the employee, in the face of a statute requiring safeguards to be supplied for dangerous machinery. This is no longer an open question with us.

The assignments of error are overruled, and the judgment is affirmed.