# Duffy *v.* India Refining Company, Appellant.

*Negligence—Master and servant—Dangerous work—Duty to instruct.*

1. When an inexperienced employee is placed in charge of dangerous machinery, or a method of doing particular work with the use of which he is unacquainted, it is the positive duty of the employer to instruct

and properly qualify him for such services, and warn him of such dangers as are not apparent.

2. If the master gives the servant to understand that he does not consider the risk one which a prudent person should refuse to undertake, the servant has a right to rely upon his master's judgment, unless his own is so greatly opposed thereto that he does not in fact rely upon the master's opinion.

3. Where a woman employed as a common laborer to repair canvas strainers through which a chemical has been strained, is not warned of any danger, and after a while finds that her finger ends are becoming sore and notifies the superintendent of this fact, but he tells her to go on with her work as there is nothing to harm her, she may recover damages from her employer for the loss of a finger resulting from her continuance at the work.

Argued Oct. 7, 1914.    Appeals, Nos. 5 and 6, Oct. T., 1914, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1910, No. 512, on verdict for plaintiffs in case of Patrick Duffy and Annie Duffy, his wife, v. India Refining Company.    Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover ‘ damages for personal injuries. Before WILLSON, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for Patrick Duffy for $900, and for Annie Duffy for $1,200.    Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Frank P. Prichard,* with him *James Wilson Bayard,* for appellant.

*Warren C. Graham,* with him *C. N. Callender,* for appellee.

OPINION BY ORLADY, J., November 16, 1914:

The defendant company was engaged in the business of refining cocoanut oil.    In the treatment of the crude

oil, caustic soda was added to unite with the fatty acids which produced a soapy emulsion or sodium oleate, and was precipitated to the bottom of the tank. The chilled oil was forced through canvas strainers to separate the stearine or solid part from the olein or liquid part.

Mrs. Duffy was employed to sew patches on these canvas strainers as they became worn or torn. These canvas strainers would be stiff and saturated with a greasy substance strongly alkaline in character, so that in handling them she had considerable difficulty in getting them into a cleaning machine, and was obliged to press heavily on their surface with the ends of her fingers, so as to guide them into the machine for proper treatment. After continuing in this work for a short time she noticed that the ends of all of her fingers were inflamed and sore. When she first observed this affection she called the attention of the superintendent to her hands and suggested that there must be something poisonous on the canvas to produce this result; when, as she states, she was assured by this officer that "there was nothing in them to hurt me. I thought there must be something in them, for they were so dirty I would lift hands full of something like paste or rotten matter out of the inside of them. I spoke to Mr. Stewart and told him I thought there was something poisonous in them, he said not, there was nothing in them to hurt me, to keep on with the work." Her condition became more serious and resulted in an acute inflammation, which involved all the fingers of both hands of so virulent a character that she was obliged to go to a hospital, where it was found that they were infected with pus-producing germs, and resulted in the amputation of one finger.

It is practically conceded that the proximate cause of her injuries was in the handling of these pieces of canvas; that she was not cautioned or advised by anyone of the hazardous character of the work required

of her, and knew nothing of the chemical treatment to which the oil was subjected. The two assignments of error raise the question whether there was sufficient evidence of negligence to justify the submission of the case to the jury.

When an inexperienced employee is placed in charge of dangerous machinery, or a method of doing particular work with the use of which he is unacquainted, it is the positive duty of the employer to instruct and properly qualify him for such services, and warn him of such dangers as are not apparent. When the master subjects his servant to dangers such as in good faith he ought to provide against, he is liable for any accident arising therefrom. The servant does not stand on the same footing with the master; his primary duty is obedience, and if, when in the discharge of that duty, he is exposed to danger through the neglect of the master, it is meet that he should be recompensed. The rule is, that if the master gives the servant to understand that he does not consider the risk one which a prudent person should refuse to undertake, the servant has a right to rely upon his master's judgment, unless his own is so greatly opposed thereto that he does not in fact rely upon the master's opinion: Levy v. Rosenblatt, 21 Pa. Superior Ct. 548; Franczak v. Nazareth Cement Co., 42 Pa. Superior Ct. 263.

Mrs. Duffy was employed as a common laborer and to do very simple work. There was nothing in her employment that presupposed any scientific knowledge as to the effect of continually placing the palmar tips of her fingers on coarse canvas saturated with strong alkaline substance, and she could not with propriety be deemed to have assumed a risk that was unknown to her, and naturally and reasonably incident to her work: Wagner v. Jayne Chemical Co., 147 Pa. 475; Reese v. Clark, 198 Pa. 312. The plaintiff was justified in acting upon the direction of the superintendent, and continued to work with the pieces of canvas, as an appliance fur-

nished by the master, who was presumed to know that the work· to which Mrs. Duffy was assigned would naturally and reasonably produce just such results as caused her injuries. The case was carefully tried and fairly submitted, and we find no reversible error in the record.

The judgment in each case is affirmed.