## Cappuccio *v.* Plumb, Appellant.

*Negligence—Master and servant—Youthful employee—Instructions—Circular saw—Pleadings—Variance.*

A boy fifteen years of age is entitled to have a verdict in his favor sustained in an action against his employer to recover damages for injuries to his hand sustained while working at a circular saw, where it appears that the chute below the saw became clogged, that he had not been instructed as to how to correct the congestion, that in attempting to remedy the trouble he put his hand into the chute thereby injuring it by contact with the saw, and that the machine was not equipped with any device by the use of which the boy could have stopped the saw.

When an inexperienced employee is placed in charge of dangerous machinery, or a method of doing particular work with the use of which he is unacquainted, it is the positive duty of the employer to instruct and properly qualify him for such services, and warn him of such dangers as are not apparent.

Where, in an action against an employer, the plaintiff avers that the defendant failed to provide him with a safe place to work, or with safe and proper tools, but makes no averment as to a neglect to instruct the plaintiff in his work, and at the trial the plaintiff introduces evidence to show failure on the part of the defendant to give proper instructions, and no objection is made to the admission of such evidence, the defendant, after a verdict against him, cannot allege variance between the pleadings and the proof as a reason for a judgment non obstante veredicto.

Argued Oct. 22, 1914. Appeal, No. 178, Oct. T., 1914, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1913, No. 1514, on verdict for plaintiff in case of Joseph Cappuccio by his father and next friend, Antonio Cappuccio, and Antonio Cappuccio in his own right, v. Fayette R. Plumb. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAPLES, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*Henry Spalding,* with him *Edward W. Fell,* for appellant.—The defendant is not seeking a new trial; it is satisfied with the judgment if the case should have gone to the jury at all. The defendant asks for a reversal of the judgment and for the entry of judgment in its favor.

The defendant was not negligent in failing to "properly guard" the circular saw, as required by the Act of May 2, 1905, P. L. 352, Section 11. No evidence was offered that the guard was improper, or that any other kind of a guard was known or was practicable. On the other hand, the evidence showed that the saw was as completely guarded as it could be, consistent with its operation, which the Supreme Court has held is all that is required: Wagner v. Standard Sanitary Mfg. Co., 244 Pa. 310; Shannon v. Carnegie Steel Co., 244 Pa. 346; Matlack v. Plumb Inc., 245 Pa. 150.

The defendant company was not negligent in its alleged failure to instruct the plaintiff not to attempt to remove clogged wedges from the chute with his hands: Eisenberg v. Fraim, 215 Pa. 570; Long v. Folwell, 228 Pa. 314; Vant v. Roelofs, 217 Pa. 535; Smith v. Brown, 229 Pa. 147.

There was no allegation in the statement of claim that the defendant was negligent in failing to give the plaintiff proper instructions. The negligence proved must be the negligence alleged. Recovery cannot be allowed on a ground of negligence not declared on in the statement of claim: McLean v. Schoenhut Co., 225 Pa. 100; Rodell v. Adams, 231 Pa. 284; Clark v. Garrison Foundry Co., 219 Pa. 426.

The plaintiff was plainly and clearly guilty of the

most flagrant contributory negligence.  He voluntarily took a risk which was apparent and obvious and which he knew to exist: Kirchner v. Oil City St. Ry. Co., 210 Pa. 45; Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35; Devine v. Simons, 235 Pa. 336; Eisenberg v. Fraim, 215 Pa. 570; Long v. Folwell, 228 Pa. 314.

*John J. McDevitt, Jr.,* for appellee.—The machine was not properly guarded: McCoy v. Wolf, 235 Pa. 571; Schæfer v. Consolidated Ice Co., 238 Pa. 367; Kelliher v. Brown & Co., 242 Pa. 499; Wagner v. Standard Sanitary Mfg. Co., 244 Pa. 310; Shannon v. Carnegie Steel Co., 244 Pa. 346.

Where at the trial of a cause, evidence is admitted at variance with the statement of claim, and the defendant does not plead surprise nor ask for a continuance, he cannot take advantage of the variance after a verdict against him: Kirchner v. Smith, 207 Pa. 431; Elder Twp. Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112; Finkelstein v. Spatt, 50 Pa. Superior Ct. 293; Shaffer v. Bahr, 57 Pa. Superior Ct. 48.

The question of contributory negligence was for the jury: Cramer v. Aluminum Co., 239 Pa. 120; Fortney v. Breon, 245 Pa. 47; Lodge v. Pittsburgh & Lake Erie R. R. Co., 243 Pa. 10; Mulligan v. Homestead Borough, 243 Pa. 361.

OPINION BY HEAD, J., July 21, 1915:

The able counsel for the appellant, not only by his assignments of error but in his printed brief and argument at bar, declared he desired no new trial.  He asked that the judgment of this court should deal with those errors only, if any such there be, as would result in a flat reversal of the plaintiff's judgment or in the entry of a judgment n. o. v. for the defendant.

The plaintiff, who had just completed his fifteenth year, entered the service of the defendant about two weeks before the day of his injury.  The machine at

which he worked consisted of a circular saw so arranged in a table that about one-half of it was above the surface of the table, the remaining half being underneath it.  The portion of the saw visible above the table appears to have been fully protected by a hood except the small portion of it which furnished the necessary cutting edge to do the work designed.   The duty of the plaintiff was to occupy a chair or stool at one end of this table and to feed to the saw strips of wood to be cut to the shape and size to adapt them as wedges to be used in fitting handles to tools.   He agrees he was instructed by his employer that he was not to feed these strips of wood to the saw immediately with his hand but was to use another piece of wood with which he was provided so that it would not be necessary to bring his hand into proximity to the rapidly revolving saw.   As the wedges were cut they dropped beneath the table into a sloping chute constructed of open wire or metal work.   The purpose of the openings was to allow the sawdust to escape, and there was enough space between the edge of the saw and the bottom and sides of the chute to permit the wedges to slide down the latter and drop into a receptacle prepared for them.   The plaintiff testifies he carefully followed the directions given to him and operated the saw daily for two weeks without any injury.

On the day of the accident something unusual, as he testifies, happened.   His attention was attracted by a sound different from anything he had heard, which indicated to him that something was wrong.   He left his seat and went to the mouth of the chute at the other end of the table to see if he could locate the trouble.   He observed that two or more wedges had become clogged in some way and were not traveling down the chute as they should.   He declares he had not been informed that such an occurrence was likely to happen and had been given no instructions as to the manner in which he should undertake to relieve the congestion.  He says the machine at which he worked was not provided with any belt

shifter, pulley or other mechanical contrivance to enable him to stop the saw, and the only way he knew of by which that result could be accomplished was by going "down stairs to the next floor where they turn the power off." Whether he meant by that to say the only way to stop his particular machine was to throw off the power from the entire plant, or whether in the way described he could stop his own saw, is an inference of fact it is not our function to draw. After ascertaining that the wedges must be loosened, he concluded there was space enough to permit him to introduce his hand for that purpose, and he accordingly proceeded in that way. He succeeded in removing one of the wedges in safety, but that did not loosen the remaining ones. In making a second effort to secure another wedge, his hand came in contact with the saw, with the resulting loss of two fingers. To recover damages for this injury he brought this action. Section 11 of the Act of May 2, 1905, P. L. 352, declares: "The owner or person in charge of an establishment where machinery is used shall provide belt shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys. Whenever practicable, all machinery shall be provided with loose pulleys. All vats, pans, saws, planers, cogs, etc., and machinery of every description shall be properly guarded." In Killiher v. Brown & Co., 242 Pa. 499, Mr. Justice MESTREZAT, speaking for the court, after quoting the first sentence of that section, being the sentence first herein quoted, says: "The statute is mandatory and the failure to comply with it, resulting in injury to another without the latter's fault, is actionable negligence. Had there been a proper shifter on the machine, the plaintiff could have stopped it while he was bolting the chute." Even if it be conceded that the second sentence of the section just quoted, when construed with the first, limits the broad scope of the statutory mandate, we think the burden of proof would be on the owner of the machinery to show the existence of the exceptional case which would relieve

him from the statutory obligation. We are of opinion therefore the learned trial judge could not have declared as matter of law that the defendant was without negligence when it was made to appear from the evidence that the particular machine at which plaintiff worked was not equipped with any device by the use of which he could stop the saw when the necessity for so doing would arise.

It is true the plaintiff was strongly contradicted in his statement that he had received no instructions as to the manner in which he should relieve any congestion in the machine following the clogging of the chute, but viewing the case, as we must under the assignments of error and the request of counsel, we must accept the plaintiff's evidence as verity and assume that the jury gave it full credence.

. What then was the duty of the defendant as to instructing the youthful plaintiff concerning the manner in which a dangerous operation should be performed? In Duffy v. Refining Co., 58 Pa. Superior Ct. 475, this court, speaking through Judge ORLADY, said: "When an inexperienced employee is placed in charge of dangerous machinery, or a method of doing particular work with the use of which he is unacquainted, it is the positive duty of the employer to instruct and properly qualify him for such services, and warn him of such dangers as are not apparent." In Sheetran v. Trepler Stave & Lumber Co., 13 Pa. Superior Ct. 219, President Judge RICE thus declared the duty of an employer and the responsibility resulting from its breach: "There may be two modes in which the duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service. The law upon the subject is well settled. 'In the text books, and with rare exceptions in all the adjudicated cases, the

rule laid down in substance is': When young persons without experience are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use; if the employer neglects this duty, or if he gives improper instructions, he is responsible for the injury resulting from his neglect of duty (many cases cited). It will be observed that there is the duty not merely to warn against carelessness, but to give suitable instructions as to the manner of using the dangerous machine or performing the dangerous service."

Now it is true the plaintiff frankly states that when he looked into the chute he could plainly see the saw. He knew it was running rapidly, and of course it would be idle for him to pretend that he did not know the extreme danger of serious injury if his hand were to come into contact with it. Such a danger would be so obvious that it would not require any instruction to a boy of his years to realize it. But it is not because the eyes of a boy are less accurate than those of an adult that he occupies a somewhat different position from the latter. It is because his reasoning faculties have not yet so fully matured and his judgment has not yet so ripened as to make apparent to him the inferences that should be drawn by a reasonable man from what he sees with his eyes. There necessarily was, as we have said, a space of greater or less extent in the chute which would not be touched by the edge of the saw. The plaintiff's injury arose from his mistake of judgment as to the extent of that space and his ability to insert his hand therein and withdraw the wedges without coming in contact with the saw. That such a thing was possible is evidenced by the fact that he succeeded in removing one wedge with safety. Had he been instructed, as the defendant contends so strongly he was, that such clogging of the machine was likely to occur, and that the tightened wedges were to be removed by the use of a stick provided for that

purpose, of course an injury resulting from a willful failure to follow such instructions would have imposed no liability on his employer. The jury may have found corroboration for his statement in the fact that in working with the saw above the table, where he admits he was instructed how to operate it, he followed such instructions to the letter. However the fact may be, we must, as we have said, now regard it as established that he was not instructed as to the safe way of performing that duty in the attempted discharge of which he was injured.

But the defendant's counsel on this appeal earnestly urges upon us there was no averment in the statement of claim that the defendant neglected its duty as to instructing the plaintiff in the manner in which his work could be safely performed. The plaintiff avers that the defendant failed in its obligation to provide him with a reasonably safe place to work and with reasonably safe and proper tools with which to work. It does not seem to be entirely clear that an averment of the obligation to furnish an employee with a reasonably safe place to work and provide him with reasonably safe tools is not broad enough to embrace the duty of the employer to so instruct him as to minimize the dangers of his working place or the peril of using the tools or machinery with which he is provided. On the trial, however, the plaintiff so construed his averment and proceeded to offer testimony tending to prove the failure of the employer to give the necessary instructions. This testimony was received without the slightest word of objection on the part of the defendant. There was no request to strike it out or withdraw it from the consideration of the jury. The defendant chose to take his chance on the result with the record as it was made up without any objection emanating from him. Under such circumstances we do not think he is now in a position to set up the alleged variance as a reason for a judgment non obstante veredicto. In Clark v. Millett, 57 Pa. Superior Ct. 287, this court said: "As the record is presented to us, we do not

think the action of the learned judge below can be justified on the ground that the act of negligence on the part of the defendants, if any, established by the testimony, was not precisely that set forth in the declaration. No objection was made to the admission of the evidence as we have it on the ground that it was not in harmony with the pleadings. Had such objection been made and sustained, the plaintiff could have moved to amend her declaration so as to make its allegations conform with the proof offered. The defendants having waived any such objection, and having chosen to abide the result of the testimony actually offered and admitted, it was not the function of the learned trial judge to raise this objection of his own motion and assign it as a reason for refusing to take off the compulsory nonsuit."

Whilst the case before us is a close one, a careful examination of the record and of the able briefs of counsel leads us to the conclusion that the trial was free from any error of law that would warrant us in setting aside the judgment for the plaintiff and entering one for the defendant against his verdict. The assignments of error are therefore overruled.

Judgment affirmed.