## Andrzejewski *v.* Prudential Insurance Company of America, Appellant.

544

Argued January 20, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*A. A. Vosburg,* with him *A. Floyd Vosburg,* of *Vosburg & Vosburg,* for appellant.

*T. A. Donahoe,* with him *Jerome K. Barrett,* for appellee.

OPINION BY MR. JUSTICE DREW, March 23, 1936:

Plaintiff sued in assumpsit as beneficiary of a policy of insurance issued by defendant upon the life of her husband. The jury returned a verdict for defendant, and the court subsequently granted plaintiff's motion for a new trial. Defendant appealed.

On April 19, 1933, the insured, a merchant, remained at home and in bed, suffering from a slight bronchial

irritation, for which he was taking a cough medicine. Sometime in the afternoon of the following day his wife and daughter, both of whom were about the household work on the first floor, heard a call. Upon going to his room they found him in bed and in great pain. He had vomited and there were brownish stains on the bed clothing; he told them that he must have taken the wrong medicine. The doctor, arriving within fifteen minutes, found him in a serious condition; his lips were swollen; the region about the mouth was brownish in color; the skin there was burned and shriveled; his tongue was swollen and the whole interior of the mouth was burned. The diagnosis was iodine poisoning. He died three days later.

It appears that the bottle of cough syrup was kept in a medicine cabinet in the bathroom, immediately next to his own room, that the bottle containing the iodine was similar to it, and that the two bottles were kept side by side on the same shelf in the cabinet. The insured was accustomed to going into the bathroom and taking his medicine directly from the bottle. The foregoing circumstances were testified to by plaintiff, her daughter, the family physician, and the latter's brother, who was also a doctor, and who had been summoned for the purpose of consultation.

The face amount of the policy has been paid. The present controversy relates to the payment of the additional amount provided by the contract in the event death was accidental. In this respect the policy provides that death must result "directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means, of which, except in case of drowning or of internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body . . . provided, however, that no accidental death benefit shall be payable if the death of the insured resulted from suicide." The beneficiary maintained that her husband's death was ac-

cidental and that it was within the terms of the policy.
Defendant set up several defenses. It contended that
the insured committed suicide, that if death was not in-
tentional there could nevertheless be no recovery because
the taking of the iodine was not the sole cause of death,
and finally, and in any event, plaintiff must fail because
(there being no internal injuries revealed by an au-
topsy) there were no visible contusions or wounds on the
exterior of the body.

The court below granted a new trial for the reason
that, in the words of its opinion, " 'suicide' was not once
mentioned before the jury until the charge of the court,"
and that "it would seem that [the] verdict was founded
upon a view of the case that was not squarely presented
before [the jury]." The award or refusal of a new trial
is ordinarily within the sound discretion of the trial
judge: *Lombardo v. Barilla,* 302 Pa. 460; *Williams v.
So. Mut. Ins. Co.,* 312 Pa. 114, 121. After careful con-
sideration of the record we cannot say that that discre-
tion has been abused here. Notwithstanding the various
issues which it raised, defendant's evidence was limited
to the testimony of five physicians, who testified, in re-
sponse to hypothetical questions, that in their opinions
the iodine was not the sole, direct and independent cause
of the insured's death. Not one suggested any other
possible cause or causes. On the other hand, defendant
had previously been permitted, over objection, to cross-
examine plaintiff and her daughter, in plaintiff's own
case, with reference to finding the insured unconscious
in his garage two months prior to his death. The testi-
mony showed no more than that he was found in such a
condition. Without further explanation or other facts
tending to show some connection with the cause of the
insured's death, or that he had then attempted suicide,
such testimony was clearly irrelevant and inadmissible.
It was only permitted after defendant's counsel gave the
court to believe that defendant would, in its own case,
produce affirmative evidence tending to connect the prior

incident with the death of the insured. Not only was the additional evidence not forthcoming, but defendant tried to show, without producing further evidence, either that he had attempted suicide or that some prior physical affliction had contributed to his death. It would then infer that the taking of the iodine was with suicidal intent, or that a supposed heart condition, for instance, was the real cause of his death. Manifestly, under the circumstances, this was unfair to plaintiff. For this reason, and also because the court thought the verdict was against the weight of the evidence, a new trial was awarded. The latter ground would have been sufficient in itself: see *Maloy v. Rosenbaum Co.*, 260 Pa. 466, 472; *Hartig v. American Ice Co.*, 290 Pa. 21, 34; *Coyne v. John Gibbons Coal Co.*, 314 Pa. 502, 506.

Nor can we say that plaintiff failed to make out a prima facie case. If this were true, of course she would not be entitled to a new trial: *Fornelli v. P. R. R. Co.*, 309 Pa. 365. Defendant's argument is to the effect that plaintiff failed to prove, in accordance with the requirements of the policy, any "visible contusion or wound on the exterior of the body." Under such a provision any lesion of the body is sufficient: *Bloom v. Brotherhood Accident Co.*, 85 Pa. Superior Ct. 398; *Thompson v. Loyal Protective Assn.*, 167 Mich. 31; *Robinson v. Masonic Protective Assn.*, 87 Vt. 138; see *Couch, Insurance*, section 1265. Since a lesion includes any morbid change in the structure of organs or parts of the body, and therefore any injured region thereof, it cannot be said that the irritation and burning of the skin about the exterior of the mouth failed to fulfill the conditions of the policy.

In view of the conclusion already reached, it is of no great moment to plaintiff that we do not sustain her motion to quash the appeal. This might very well be done. Plaintiff submitted thirteen reasons for a new trial, only two of which were mentioned by the court below in its opinion granting the motion. In view of this fact, and of the further fact that the record does not

contain a definite statement by the court that it would have refused to grant the new trial but for the reasons given, which, to the exclusion of all else, controlled its decision, it would seem that defendant may not now be heard to complain of the discretion exercised by the court below in awarding plaintiff a new trial: *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530; *Lawrence v. Gillespie,* 300 Pa. 584; *Marko v. Mendelowski,* 313 Pa. 46.

The order is affirmed.