# Szawcunas *v.* Oil Well Supply Company, Appellant.

*Negligence—Master and servant—Unguarded machinery—Act of May 2, 1905, P. L. 352—Contributory negligence—Probable cause—Case for jury.*

In an action by an employee against a corporation, his employer, to recover damages for personal injuries, the question of the defendant's negligence and the plaintiff's contributory negligence is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the plaintiff was injured by being unexpectedly knocked or thrown against an unguarded revolving cinder-mill, that at the time of the accident plaintiff was pushing a wheelbarrow loaded with material in the centre of a small track on which was operated small cars, that on other occasions he had succeeded in avoiding the cars, but that on this occasion owing to the dust and steam he did not see a car and this car struck him and threw him against the revolving machinery. In such a case the failure properly to guard the machinery is the direct cause of the injury.

54    SZAWCUNAS *v.* OIL WELL S. CO., Appellant.

Statement of Facts—Opinion of the Court. [64 Pa. Superior Ct.

Argued April 11, 1916, Appeal, No. 28, April T., 1916, by defendant, from judgment of C. P. Venango Co., Aug. T., 1913, No. 6, on verdict for plaintiff in case of Charles Szawcunas v. Oil Well Supply Company. Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WIL-LIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,352.75. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. M. Parker,* with him *Geo. L. Roberts, J. D. Trax* and *J. Thomas Hoffman,* for appellant, cited: Shannon v. Carnegie Steel Co., 244 Pa. 346; Pieper v. Traction Co., 202 Pa. 100; Ranzier v. Monongahela R. C. C., 247 Pa. 420.

*E. C. Breene,* with him *W. J. Breene,* for appellee, cited: Lanahan v. Mfg. Co., 240 Pa. 292; Schaefer v. Con. Ice Co., 238 Pa. 367; McCoy v. Wolf Co., 235 Pa. 571; Fegley v. Lycoming Rubber Co., 231 Pa. 446; Cameron v. Cit. Trac. Co., 216 Pa. 191.

OPINION BY KEPHART, J., July 18, 1916:

The appellee was injured when knocked against an unguarded piece of machinery known as a cinder mill, or rattler. This mill was used to recover iron from the refuse of a cupola. It was circular, driven from a belt operating on gears and cogs on one end and, with the exception of the openings which projected, it had a smooth surface. These projections stood out far enough to be dangerous when the machine was in motion. It moved

at the rate of twenty-five or thirty revolutions per minute. The finer cinder, not placed in the mill, was taken by the appellee from the cupola to a car outside of the foundry. In going and returning he used the center of a small track. This track was also used for moving material, loaded on small cars, in and out of the foundry. On a return trip with the empty wheelbarrow, he was struck by a car, thrown on the cinder mill, and received severe injuries. The track was about eighteen inches from the platform of the mill, and about three feet from the mill itself. The appellee was found in an unconscious condition under the rattler.

The mill was not guarded in any manner as required by the Act of May 2, 1905, P. L. 352. This act was "to protect working people by requiring dangerous mechanical appliances to be properly guarded when in operation": Wagner v. Standard Mfg. Co., 244 Pa. 310. And the necessity for an artificial guard was, under the circumstances of this case, a question for the jury: Schaefer v. Consolidated Ice Co., 238 Pa. 367. This machinery comes within the Act of May 2, 1905, and the appellee having shown the manner of its construction and operation, from which its dangerous character might be found; that it was not guarded, and, through an untoward accident he was thrown on it, receiving injuries which rendered him unconscious, broke his arm, and otherwise injured him, he has satisfied the requirements of the law in presenting a case of negligence against the defendant. The dangerous character of the machinery and the practicability of placing a guard so as to permit its successful operation, became matters of defense. Under the facts, the evidence was sufficient to sustain a finding of a dangerous machine. In order to recover it is not necessary for the plaintiff to have a witness say that certain machinery was "dangerous." Ordinarily the jury would be as well qualified to ascertain that fact as the witness, unless the machinery were of a highly technical nature. The facts concerning the machine's construction and

operation were clearly presented, and the jury, with such evidence, was able to say whether or not the machine was "dangerous." The Act of 1905 requires machinery to be guarded. It does not use the word "dangerous."

We are convinced from reading the evidence that the appellee was injured by being thrown from the track against the cinder mill, and from his statement the question as to how he was injured was clearly for the jury. The contention that the contact with the car was the proximate cause of the injury cannot therefore be sustained. It no doubt was the moving cause but the negligence of the defendant in failing to properly guard the machinery in question was found by the jury to be the direct cause of the injury. As stated by the Supreme Court, in Fegley v. Lycoming Rubber Co., 231 Pa. 446: "An injury from machinery, open and uncovered, is not liable to occur, without the concurrence of some accident or unexpected event, such as a slip or miscalculated move. And it is for the very reason that such things may in numberless unexpected ways, plunge a workman into danger, without fault of his own, that prudence requires proper safeguards to be applied to prevent an accidental contact with moving machinery. To hold that a prior slip or an accidental movement which brings an unfortunate workman into contact with uncovered cogwheels, is to be considered as the proximate cause of the resulting injury, would be to practically nullify the provisions of the law made to protect him against such risks."

The appellee testified that when he entered the rattler room from the outside his eyes were not accustomed to the darkness, and owing to the dust and the steam coming from the cinder heap underneath the cupola it was impossible for him to see ahead of him, and on account of the noise he could not hear the car approaching. He states that this was the ordinary condition of affairs. He could not walk on the opposite side of the track because it was obstructed with bricks and boxes; when he reached the middle of the cinder mill the car came

rapidly around the corner and struck him before he could get away.    This car was not operated on schedule time. It moved as the necessities of the business demanded. He had met it going in and out before but not just at this point, and was always able to get away from it by running back or stepping off to the side.    He saw the car when it was but a few feet away from him; the lights burning in the foundry room did not throw light in the room in which he was walking.    It is evident that if the appellee was to do his work it was necessary for him to pass in and out of this opening provided for him.    The circumstances may have imposed a greater degree of care on the plaintiff, but as he had always been able to escape coming in contact with the car when he met it before, without assuming any particular risk, the court below could not say as a matter of law that he was guilty of contributory negligence in entering without making a prior investigation.    The space where the parties had to work was limited to a few feet and considering all the circumstances as testified to by the appellee and the contradictions by the defendant, we do not feel that this was a case that should have been withdrawn from the jury on the question of contributory negligence.

The assignments of error are overruled and the judgment is affirmed.